IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KANDACE WHITE<br>2844 Alderwood Drive<br>Columbus, Ohio 43219<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, National Association<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>Defendant. | CASE NUMBER: 2:19-cv-1722<br><br>JUDGE: |

**COMPLAINT FOR MONEY DAMAGES
LOSS MITIGATION FAILURES**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

**I. INTRODUCTION**

1. For years Plaintiff Kandace White ("Mrs. White") and her family lived with and cared for her ailing mother. Following her mother's death in 2017, Mrs. White inherited the family home. She began making mortgage payments to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). When her family went through financial difficulties, she asked Wells Fargo for help. She provided Wells Fargo everything required to confirm her as a successor in interest in the home. Mrs. White called, sent

1

money, and begged for Wells Fargo to take action. Unfortunately, Wells Fargo ignored her pleas. Ironically, Wells Fargo did eventually determine Mrs. White's interest in the home. However, it did so only when it served its own interest – so it could name her as a party to a foreclosure lawsuit as opposed to trying to keep her in the home as required under the law.

## II. PRELIMINARY STATEMENT

2. Mrs. White institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Wells Fargo for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024 et seq.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. § 2614, and 28 U.S.C. §§ 1331 and 1337.

4. The Court has personal jurisdiction over Wells Fargo because Wells Fargo transacts business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

6. Mrs. White is a natural person currently residing within this Court's jurisdiction at 2844 Alderwood Drive, Columbus, Ohio 43219.

7. At all relevant times, Mrs. White was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

8. At all relevant times, Mrs. White was and is a "borrower" within the meaning of RESPA.

9. At all relevant times, Mrs. White was and is a "confirmed successor in interest" within the meaning of RESPA.

10. Wells Fargo is a company organized under the laws of the United States of America with its principal place of business in California.

11. At all relevant times, Wells Fargo was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

12. At all relevant times, Wells Fargo was and is a loan "servicer" of a "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

13. At all relevant times, Wells Fargo was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## V. FACTUAL ALLEGATIONS

14. Mrs. White incorporates all other paragraphs in this Complaint by reference as though fully written here.

15. Each action or inaction alleged herein against Wells Fargo is also an allegation of action or inaction by Wells Fargo's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

16. Mrs. White is married and the mother of two children.

17. Mrs. White currently lives with her family at 2844 Alderwood Drive, Columbus, Ohio 43219 (the "Home.")

18. In or around 2008, Mrs. White's mother suffered a heart attack.

19. In or around 2008, Mrs. White moved into the Home to care for her mother.

20. Mrs. White has raised her children in the Home.

21. On or about May 9, 2013, Mrs. White's mother Joycanne Robinson refinanced the Home with a note secured by a mortgage (collectively the "Mortgage Loan").

22. On or about August 29, 2017, Mrs. White's mother passed away.

23. Following the death of her mother, Mrs. White began making payments on the Mortgage Loan.

24. In early 2018, Mrs. White hired an attorney to handle the probate of her mother's estate.

25. On or about March 27, 2018, Mrs. White, through counsel, opened an estate for Joycanne Robinson in Franklin County Probate Court Case No. 590571.

26. The probate court documents show it was a full administration without a will.

27. On or about August 1, 2018, the probate court issued a certificate of transfer.

28. The certificate of transfer is a public record.

29. The certificate of transfer shows Joycanne Robinson died intestate.

30. The certificate of transfer shows that the Home passed by devise, decent or election to Mrs. White and her sister Syreeta Robinson.

31. In or around March 2018, Mrs. White lost her job.

32. Despite losing her job, Mrs. White attempted to continue to make payments on the Mortgage Loan.

33. In or around late September 2018, Mrs. White called Wells Fargo.

34. During the call, Wells Fargo told Mrs. White it could not talk to her in detail about the Mortgage Loan because the account was in her mother's name.

35. During the call, Wells Fargo instructed Mrs. White to submit a monthly payment.

36. In or around late September 2018, Mrs. White submitted a payment to Wells Fargo.

37. On or about October 4, 2018, Mrs. White called Wells Fargo.

38. During the call, Mrs. White provided Wells Fargo with information to be considered for loss mitigation options.

39. During the call, Mrs. White told Wells Fargo about her financial hardship and that she wanted to keep the property.

40. During the call, Mrs. White told Wells Fargo that her mother passed away and that Mrs. White had been making payment on the Mortgage Loan.

41. During the call, Mrs. White told Wells Fargo that she had an interest in the Home.

42. During the call, Wells Fargo instructed Mrs. White to send a death certificate for Joycanne Robinson.

43. During the call, Mrs. White told Wells Fargo that there was an probate case for Joycanne Robinson.

44. During the call, Wells Fargo asked for the contact information of the attorney handling Joycanne Robinson's probate case.

45. During the call, Mrs. White provided the name and contact information for the attorney handling the probate case.

46. During the call, Wells Fargo told Mrs. White it would process the information once it received the death certificate.

47. On or about October 4, 2018, Mrs. White sent Wells Fargo the death certificate.

48. On or about October 4, 2018, Wells Fargo received the death certificate.

49. On or about October 4, 2018, Well Fargo had actual knowledge of Joycanne Robinson's death.

50. On or about October 4, 2018, Wells Fargo had access to all the information to confirm Mrs. White's identity and ownership interest in the property.

51. Following the October 4, 2018 call, Wells Fargo failed to promptly facilitate communication with Mrs. White to request any additional documents.

52. Mrs. White was a confirmed successor in interest as defined in RESPA.

53. On or about October 26, 2018, Wells Fargo sent a letter addressed to Joycanne Robinson.

54. In Wells Fargo's October 26, 2018 letter it returned Mrs. White's September payment, but made the check payable to Joycanne Robinson.

55. At the time, Wells Fargo had actual knowledge that Joycanne Robinson was deceased.

56. After Mrs. White received the returned payment she called Wells Fargo.

57. During the call Wells Fargo instructed Mrs. White to send the check back with the difference to cover a full monthly payment.

58. During the call, Mrs. White again asked about options for mortgage assistance (the "Application").

59. During the call, Wells Fargo confirmed that it received the death certificate in early October.

60. During the call, Wells Fargo did not request Mrs. White send any additional documents.

61. Following the call, Mrs. White sent in payment to Wells Fargo.

62. Following the call, Wells Fargo did not send Mrs. White a letter acknowledging her request for mortgage assistance.

63. Following the call, Wells Fargo did not send Mrs. White notice instructing her what she needed to submit to have her request be a complete application for loss mitigation.

64. On or about November 19, 2018, Wells Fargo sent a letter addressed to Joycanne Robinson.

65. In Wells Fargo's October 26, 2018 letter it returned Mrs. White's October payment, but made the check payable to Joycanne Robinson.

66. At the time, Wells Fargo had actual knowledge that Joycanne Robinson was deceased.

67. Mrs. White has been unable to cash the checks Wells Fargo sent to her payable to her deceased mother.

68. On or about December 3, 2018, Wells Fargo filed a foreclosure in Franklin County Court of Common Pleas Case No. 18 CV 100023 (the "Foreclosure").

69. In the Foreclosure Complaint, Wells Fargo specifically named Kandace White as heir to Joycanne Robinson as a party to the suit.

70. Wells Fargo was prohibited from going forward with the Foreclosure while Mrs. White's Application was pending.

71. Wells Fargo knew, or reasonably should have known, Mrs. White's interest in the property when it filed the Foreclosure.

72. On or about December 3, 2018, Wells Fargo sent a letter to Mrs. White acknowledging it received the notice of death of Joycanne Robinson.

73. As a result of Wells Fargo's actions, Mrs. White suffered actual damages, including but not limited, to legal fees associated with defending the Foreclosure, increased arrearages on loan, capitalized costs, loss of equity and, increased interest on principal.

74. As a result of Wells Fargo's actions, Mrs. White suffers severe emotional distress, including anxiety, stress, sleepless nights, and strain on her marriage and relationships with her family.

75. As a result of Wells Fargo's actions, Mrs. White incurred the legal fees and expenses of brining this lawsuit.

**VI. FIRST COUNT – RESPA Loss Mitigation**

76. Mrs. White incorporates all other paragraphs in this Complaint by reference as though fully written here.

77. Wells Fargo's actions described in this Complaint constitute violations of RESPA, 12 U.S.C. § 1601, *et seq.*, and Regulation X, and 12 C.F.R. § 1024.41.

78. Following Mrs. White's phone call to Wells Fargo in or around late October 2018, the Application was complete pursuant to 12 C.F.R. § 1024.41.

79. Following Mrs. White's phone call to Wells Fargo in or around late October 2018, the Application was facially complete pursuant to 12 C.F.R. § 1024.41(c)(2)(iv).

80. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete the application, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(b)(1).

81. By failing to provide Mrs. White with the correct notices regarding the Application, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

82. By failing to provide Mrs. White with notice that the Application was complete, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

83. By failing to identify what additional documents Mrs. White needed to submit to make the Application complete, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

84. By failing to promptly, upon receipt, evaluate the Application to determine if it was complete, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A).

85. By failing to evaluate Mrs. White for all loss mitigation options available in response to the Application, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(i).

86. By failing to send Mrs. White notice within thirty days after receiving the Application informing Mrs. White of all loss mitigation options, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(ii).

87. By filing the Foreclosure, Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(f)(2).

88. By moving for default judgment in the Foreclosure, Defendant violated Regulation X, 12 C.F.R. § 1024.41(g).

89. Wells Fargo regularly fails to evaluate and process its borrowers' loss mitigation applications in compliance with RESPA and Regulation X.

90. Wells Fargo regularly fails to administer foreclosure lawsuits it brings against borrowers in compliance with RESPA and Regulation X.

91. Wells Fargo has engaged in a pattern or practice of non-compliance with the requirements of RESPA and Regulation X.

92. As a result of Wells Fargo's actions, Mrs. White suffered actual damages, including but not limited, to legal fees associated with defending the Foreclosure, increased arrearages on loan, capitalized costs, loss of equity and, increased interest on principal.

93. As a result of Wells Fargo's actions, Mrs. White suffers severe emotional distress, including anxiety, stress, sleepless nights, and strain on her marriage and relationships with her family.

94. Due to these violations, Wells Fargo is liable to Mrs. White for actual damages to be determine at trial, additional damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Mrs. White respectfully prays that this Court:

95. Assume jurisdiction of this case;

96. Award Mrs. White the maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, punitive, and other damages;

97. Award Mrs. White actual damages to be established at trial including pursuant to 12 U.S.C. § 2605(f);

98. Award Mrs. White statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

99. Award Mrs. White additional damages and costs;

100.　Award such other relief as the court deems appropriate.

Dated this 1st day of May, 2019:

              Respectfully Submitted,
              DOUCET & ASSOCIATES CO., L.P.A.

              */s/ Andrew J. Gerling*
              Andrew J. Gerling (0087605)
              Attorney for Plaintiff Kandace White
              700 Stonehenge Parkway, Suite 2B
              Dublin, OH  43017
              PH:  614-944-5219
              FAX:  818-638-5548
              andrew@doucet.law

## JURY TRIAL DEMANDED

Mrs. White respectfully request a jury trial on all triable issues.

              Respectfully Submitted,
              DOUCET & ASSOCIATES CO., L.P.A.

              */s/ Andrew J. Gerling*
              Andrew J. Gerling (0087605)
              Attorney for Plaintiff Kandace White
              700 Stonehenge Parkway, Suite 2B
              Dublin, OH  43017
              PH:  614-944-5219
              FAX:  818-638-5548
              andrew@doucet.law